PER CURIAM.
The Defendant appeals the trial court’s denial of his motion to withdraw his guilty plea. Because the trial court did not address the merits of the motion, we reverse and remand for a determination on the merits.
In 1995, the Defendant pled guilty to 11 counts of indecent assault on a child under the age of 16 and one count of sexual performance by a child. He received a sentence of eight years in the Department of Corrections followed by 15 years of probation. During his prison term, the Florida Legislature passed the “Jimmy Ryce Act,” which approved civil commitment for qualifying sexually violent predators. See §§ 394.910-.931, Fla. Stat. (2001).
Pursuant to the Jimmy Ryce Act (Ryce Act), the State filed civil commitment proceedings against the Defendant when he *1086 was scheduled to be released from prison. Consequently, the Defendant spent two extra years of confinement in a special holding facility because pre-hearing release is not available in Ryce Act proceedings. A jury later found that the Defendant did not qualify as a sexual predator under the Ryce Act so he ultimately was not committed.
The Defendant moved to withdraw his guilty plea on the grounds that the State breached the terms of his original plea agreement by seeking the Ryce commitment. The trial court denied the motion after expressing repeatedly at the hearing that it would not address the merits of the motion because the issue became moot when a jury decided that the Defendant could not be committed under the Ryce Act. The Defendant appeals the denial of the motion.
“An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.” See Godwin v. State, 593 So.2d 211, 212 (Fla.1992).
In the instant case, the controversy has not been so fully resolved that a judicial determination could have no actual effect. We understand the Defendant’s legal argument to be that the State’s act of seeking civil commitment was the breach of the plea agreement. This argument does not hinge on whether or not he was ultimately committed. Furthermore, aside from any Ryce commitment, the Defendant still has years of probation ahead of him pursuant to his plea agreement.
Therefore, we find that this issue is not moot and remand for the trial court to determine the merits of the Defendant’s motion to withdraw his plea.
REVERSED AND REMANDED.